UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIC SCOTT,

        Plaintiff,

 v.                                            Case No. 12-C-1303

DAVID CLARKE, JR., et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff filed a complaint alleging that the conditions of his confinement at the Milwaukee County Jail violated the Constitution. In a screening order, I allowed several claims to proceed. The Defendants have now moved for summary judgment, arguing, among other things, that the Plaintiff failed to exhaust his administrative remedies. For the reasons given below, the motion will be granted and the case will be dismissed.

Plaintiff has not responded to the motion, except to argue that the motion should be denied because it was filed three days late. (It was actually timely.) Because there has been no response, and because the Defendants properly complied with the local rule requiring a warning to the *pro se* Plaintiff, the facts set forth by the Defendants are taken as true. Civil L. R. 56(a).

The Prison Litigation Reform Act provides that no action may be brought regarding prison conditions by a prisoner in any prison or jail until available administrative remedies are exhausted. 42 U.S.C. § 1997e. The PLRA's exhaustion requirement applies to those incarcerated in jail regardless of whether they are convicted or merely pretrial detainees. *Witzke v. Femal,* 376 F.3d

744, 750 (7th Cir. 2004). Under the PLRA, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

Here, the Milwaukee County Jail had an established grievance procedure. The grievance policy states that all "inmates in the Milwaukee County jail have a right to use the established grievance process to secure equitable and timely responses, and/or solutions to legitimate grievances without reprisal." (ECF No. 41-3 at IM 6.) It is undisputed that Plaintiff never filed a grievance with the Jail. (ECF No. 41, ¶ 19.) Failure to exhaust means the suit is subject to dismissal under § 1997e. *Fletcher v. Menard Correctional Center,* 623 F.3d 1171 (7th Cir. 2010).

Accordingly, the motion for summary judgment is **GRANTED** and the case is **DISMISSED** for failure to exhaust administrative remedies.

**SO ORDERED** this   7th   day of October, 2013.

  s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court